

FILED & ENTERED

DEC 27 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Armond Rostamians,<br>        Debtor. | Case No.:    2:19-bk-21745-ER<br>Chapter:    7<br><br>**MEMORANDUM OF DECISION DENYING MOTION FOR REMOVAL FROM SCHEDULE OF UNSECURED CREDITORS**<br><br>**[RELATES TO DOC. NO. 9]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

The Court has reviewed an untitled document filed *in pro se* by Kathrine Shahbazian (the "Motion"). Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[1] the Court finds this matter to be suitable for disposition without oral argument.[2] For the reasons set forth below, the Motion is DENIED.

## I. Facts and Summary of Pleadings

Armond Rostamians (the "Debtor") filed a voluntary Chapter 7 petition on October 4, 2019. The Debtor scheduled Shahbazian as a general unsecured creditor with a claim of $0.00. Under

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

[2] Shahbazian did not set the Motion for hearing or seek adjudication of the Motion on a negative-notice basis pursuant to the procedure set forth in LBR 9013-1(o).

"type of nonpriority unsecured claim," the Debtor's Schedule E/F provides that Shahbazian is scheduled for notice purposes.

Shahbazian requests that she be removed from the schedule of unsecured creditors. Shahbazian believes that being scheduled as a creditor prevents her from continuing to pursue a wage and hour case against Magic Trip Transportation, Inc. ("Magic Trip") before the California Department of Industrial Relations. Shahbazian states that her wage and hour claims are against Magic Trip, not the Debtor. According to Shahbazian, the Debtor worked as a driver for Magic Trip and did not play a role in denying Shahbazian the wages which she asserts she was owed.

## II. Findings and Conclusions

The Motion was not served upon any parties. That alone is cause for denying the Motion.

In addition, the underlying premise of the Motion is incorrect as a matter of law. Whether Shahbazian is scheduled as a creditor does not determine whether the automatic stay arising in the Debtor's case bars Shahbazian from pursuing wage and hour claims against Magic Trip. From the limited information in the Motion, the Court cannot determine whether it is necessary for the Debtor to obtain relief from the automatic stay before pursuing her claims against Magic Trip. Although the Court makes no findings regarding the issue, it appears that the automatic stay may not apply to Shahbazian's claims against Magic Trip.

In the event the automatic stay in the Debtor's case does apply to Shahbazian's claims against Magic Trip, Shahbazian's remedy is to file a properly-noticed motion seeking relief from the automatic stay. To the extent that Shahbazian's claims against Magic Trip seek to impose liability against the Debtor, it may also be necessary for Shahbazian to file a dischargeability action in order to preserve her rights. Shahbazian is strongly advised to consult with competent bankruptcy counsel regarding these issues.

Based upon the foregoing, the Motion is DENIED. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: December 27, 2019

Ernest M. Robles
United States Bankruptcy Judge